528

James R. HOUGEN, Plaintiff,

v.

Frank J. MERKEL and Robert Dittrich, dba Bob Dittrich Trucking, Defendants and Third-Party Plaintiffs,

v.

Donald Ray WHITCOMB, Minneapolis Star and Tribune Company, a corporation, and Carco, a corporation, Third-Party Defendants.

No. 4–69 Civ. 217.

United States District Court
D. Minnesota,
Fourth Division.

Sept. 10, 1969.

Hvass, Weisman, King & Allen, by Charles T. Hvass, Minneapolis, Minn., for plaintiff.

Gislason, Reim, Alsop & Dosland, by Donald F. Hunter, New Ulm, Minn., for defendants and third-party plaintiffs.

John V. Norton, Stillwater, Minn., for third-party defendant Donald Roy Whitcomb and proposed intervenor Margaret F. Whitcomb.

Peterson & Holtze, Minneapolis, Minn., for other third-party defendants.

NEVILLE, District Judge.

The motion of a proposed intervenor Margaret F. Whitcomb must perforce be denied for lack of subject matter jurisdiction in this court despite the court's natural inclination to take jurisdiction whenever by so doing the parties are accommodated, the conduct of the trial is not seriously impeded or lengthened and litigation in the form of a trial in another forum thereby is avoided.

Plaintiff, a bona fide resident of North Dakota, became involved in a three-car motor vehicle collision. A truck alleged to have been owned by the defendant Dittrich and driven by defendant Merkel collided with a vehicle stalled in a snow bank and drove it into plaintiff's automobile, causing claimed personal injuries and damage to plaintiff. Plaintiff sued these defendants. They made third-party defendants of the driver, Donald Roy Whitcomb, and the owner and the lessee of the stalled automobile. The wife of Whitcomb was a passenger in the stalled vehicle and claims to have been injured. She and her husband have instituted an action in the Minnesota State court for their personal injuries and damage. Both are residents of Minnesota as are the defendants Dittrich and Merkel. The third-party defendants apparently are covered by an insurance carrier and so are represented by common counsel. However, to assert their own claims for injuries and damage the Whitcombs have retained other counsel, namely John V. Norton, who instigated the State court action on their behalf. By the motion lodged with this court, Mrs. Whitcomb the passenger seeks to intervene, though no diversity of citizenship exists. If such were allowed, counsel stated he also would assert a cross-claim on behalf of the husband, third party defendant Donald Whitcomb.

Desirable as it might be to combine all actions arising out of the same accident in one lawsuit and thus conduct one trial, such is not possible in the opinion of this court under jurisdictional restrictions.

■ Rule 24(b) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

"(b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. * * * In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

It must be conceded that Mrs. Whitcomb's claims would raise questions of law and fact common to the claims presently before the court in the main action. It is also recognized that the court has discretion to permit intervention in the interests of judicial economy and fairness to the litigants. The court is mindful, however, that the exercise of discretion under Rule 24(b) is subject to well established rules limiting the subject matter jurisdiction of the federal courts.

■ The jurisdiction of this court in the main action is based on diversity of citizenship. There is no so called "federal question" involved. When original federal jurisdiction is based on diversity, it is the general rule that there must be diversity between the parties plaintiff on the one side and the parties defendant on the other. Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (1806); 4 Moore's Fed.Prac. ¶ 24.18(3) (1968). In the instant case, since no diversity exists between Mrs. Whitcomb and the defendants against whom she seeks to assert claims, for this court to permit intervention either some additional basis of jurisdiction or some exception to the rule requiring complete diversity must be found.

When the right to intervention is absolute under Rule 24(a), no independent grounds of federal jurisdiction need be shown to support the intervention. East v. Crowdus, 302 F.2d 645 (8th Cir. 1962); 4 Moore's Fed.Prac. ¶ 24.18 (1) (1968). To hold otherwise would result in an emasculation of the right to intervene, for it frequently happens that an independent ground of jurisdiction would be lacking. In such cases intervention may properly be regarded as ancillary or auxiliary to the main proceeding. Mrs. Whitcomb does not seek nor would she be entitled to intervene as of right.

Where the right to intervene is permissive, no independent gound of jurisdiction need be shown (1) when a statute of the United States confers a conditional right to intervene, (2) in an in rem proceeding, or (3) in a class action. 4 Moore's Fed.Prac. ¶ 24.18 (1968). None of these situations exist in the instant case. When a person seeks to intervene in an in personam action under a discretionary right pursuant to Rule 24(b), the intervention must be supported by independent grounds of jurisdiction, except when the action is a class action. Johnson v. Riverland Levee Dist., 117 F.2d 711, 714–715, 134 A.L.R. 326 (8th Cir. 1941). See 4 Moore's Fed. Prac. ¶ 24.18 (1968) and cases cited. In addition to cases cited in Moore's Fed. Prac., other recent decisions applying the rule are Olivieri v. Adams, 280 F.Supp. 428, 433 (E.D.Pa.1968); Berbiglia, Inc. v. Cheney, 249 F.Supp. 258, 262 (W.D. Mo.1965); Glens Falls Ins. Co. v. Cook Brothers, Inc., 23 F.R.D. 269, 271 (S.D. Ind.1959). Contra, Chalmers v. United States, 43 F.R.D. 286 (D.Kan.1967); Berman v. Herrick, 30 F.R.D. 9 (E.D.Pa. 1962).[1]

If a sufficient independent basis is not shown, then the court cannot properly entertain intervenor's claims on the basis of ancillary jurisdiction. 4 Moore's Fed. Prac. ¶ 24.18 (1968).

The main action presently before this court is clearly in personam and is not a class action. Mrs. Whitcomb is a citizen of Minnesota and the parties against whom she seeks to assert claims are citizens of Minnesota. No diversity of citizenship exists. Since no other independent grounds of jurisdiction exist and the action is not a class action, it follows that this court does not have the requisite subject matter jurisdiction to determine Mrs. Whitcomb's claims for relief. Accordingly, the motion to intervene pursuant to Rule 24(b) must be denied.

A separate order has been entered.

1. *Chalmers* and *Berman* appear to be the only two cases which have declined to follow the general rule. Both cases held that persons seeking permissive intervention under Rule 24(b) need not establish an independent basis of jurisdiction where the court had diversity jurisdiction in the main proceeding. The *Chalmers* court cited and relied upon *Berman*. The view expressed in *Berman* is contrary to the prevailing view and was criticized in 48 Iowa L.Rev. 530 (1963). Judge Luongo, the author of the *Berman* opinion, has since repudiated his prior position and has expressly declined to follow *Berman*. See Olivieri v. Adams, 280 F.Supp. 428, 433 (E.D.Pa.1968).