George SHERRELL, Plaintiff,

v.

MITCHELL AERO, INC., Defendant.

Clara Linnett UPCHURCH, Plaintiff,

v.

BEECH AIRCRAFT CORP., Defendant.

Elizabeth CARTER, Plaintiff,

v.

MITCHELL AERO, INC., Defendant.

Rose ALEXANDER, Plaintiff,

v.

BEECH AIRCRAFT CORP., Defendant.

George SHERRELL, Plaintiff,

v.

BEECH AIRCRAFT CORP., Defendant.

Elizabeth CARTER, Plaintiff,

v.

BEECH AIRCRAFT CORP., Defendant.

Nos. 71-C-285, 71-C-373, 71-C-374, 71-C-395, 71-C-406, 71-C-417.

United States District Court, E. D. Wisconsin.

Nov. 16, 1971.

Eisenberg, Kletzke & Eisenberg by Miriam L. Eisenberg, Milwaukee, Wis., for plaintiffs.

Kluwin, Dunphy, Hankin & Hayes by Bernard J. Hankin, Milwaukee, Wis., for Beech Aircraft Corp.

Walter Eugene Brown, Milwaukee, Wis., for Mitchell Aero, Inc.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Shortly after the above-entitled actions were filed, this court wrote a letter to the attorneys for the plaintiffs in which it was noted that the allegations of the complaints did not appear to provide the court with a sufficient basis for diversity jurisdiction. The letter asked the plaintiffs' counsel to notify the court why the cases should not be dismissed for lack of jurisdiction; the letter also stated, "If an amendment of pleadings is contemplated, formal permission from the court will be necessary, and terms will be assessed."

In response to the court's letter, the plaintiffs filed motions to amend their complaints; the motions were accompanied by the amended complaints which the plaintiffs seek to file. Upon receipt of the plaintiffs' motions, this court established a schedule for the submission of briefs. As a part of such submission, the parties were asked to consider the question of what terms, if any, should be assessed if the plaintiffs' motions are granted.

The attorney for Mitchell Aero, Inc. since has stated that he does not oppose the filing of the amended complaints and has "no thoughts concerning the imposition of terms as a condition of the amendment." Counsel for Beech Aircraft Corp. states that "we think the plaintiff[s] could . . . [file amended complaints] . . . with the Court's permission after a hearing."

■ With the exception of the amended complaint in the case numbered 71–C–417, the proposed amended complaints appear to meet this court's objections to the allegations of diversity jurisdiction found in the original complaints. In case 71–C–417, however, the amended complaint states that the plaintiff is a citizen of the state of Kansas and resides in Kansas City; the defendant is alleged to be "a Kansas corporation doing business in the State of Wisconsin, with its principal place of incor-

poration being Witchita [sic], Kansas." Thus, because the plaintiff and the defendant corporation are citizens of the same state, jurisdiction in case 71–C–417 cannot be founded upon diversity of citizenship, pursuant to 28 U.S.C. § 1332. The plaintiff in case 71–C–417 concedes that complete diversity is lacking, but argues that case 71–C–417 is properly before this court upon the doctrine of pendent jurisdiction.

All six of the captioned actions arise out of the crash of a single-engine airplane near Gary, Indiana, on April 4, 1970. Four of the actions, including case 71–C–417, have been brought against the manufacturer of the airplane by the personal representatives of each of the four persons killed in the crash; the other two actions have been brought on behalf of the estates of two of the crash victims against the corporation from which the airplane was leased. The plaintiff in case 71–C–417 notes in her brief that counsel for the manufacturer and the lessor have indicated a willingness to consolidate the six actions and then states: "It is strange to contemplate the Federal Rules are so inflexible as to prohibit the consolidation of . . . cases involving one (1) plane crash, when three (3) passengers meet the diversity requirement and one (1) does not."

The plaintiff cites Borror v. Sharon Steel Co., 327 F.2d 165 (3rd Cir. 1964), in support of her argument that a court which has diversity jurisdiction in one action has pendent jurisdiction over another, non-diversity, action when both actions result from the same event or occurrence. In Borror, the court held that a foreign administrator who brought a survival action on behalf of the estate of a Pennsylvania minor against a Pennsylvania corporation also had the capacity to prosecute an action under Pennsylvania's wrongful death act; even though there was a lack of diversity with respect to the wrongful death action, pendent jurisdiction over such action was found to exist. While the court in Borror acknowledged that Hurn v. Oursler,

289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148 (1933), requires the presence of a substantial federal question as a prerequisite to the application of the doctrine of pendent jurisdiction and that to apply the doctrine to diversity cases would be an extension, it stated that such extension "is desirable and should be countenanced by law." 327 F.2d at 174. See also Jacobson v. Atlantic City Hosp., 392 F.2d 149 (3rd Cir. 1968); Wilson v. American Chain & Cable Co., 364 F.2d 558 (3rd Cir. 1966); cf. Aetna Cas. & Sur. Co. v. Hatridge, 282 F.Supp. 604 (W.D.Ark.1968), aff'd 415 F.2d 809 (8th Cir. 1969).

Both *Borror* and *Wilson* are discussed at length in Olivieri v. Adams, 280 F. Supp. 428 (E.D.Pa.1968), where the court rejected the argument that those cases dispensed with the requirement that the doctrine of pendent jurisdiction can be applied to diversity actions in which there is not also the existence of a federal question. With reference to *Borror*, the court in *Olivieri* stated at page 431:

> "Even if, [as is contended,] that statement [that extension of pendent jurisdiction to diversity cases is 'desirable and should be contenanced'] was made as an alternative holding rather than as dictum, it is limited to its narrow facts, i. e., a suit instituted by one person empowered by state law to seek redress for multiple claims under Wrongful Death and Survival Acts which are complementary in nature and involve danger of duplication of damages if not tried together."

The *Olivieri* court also stated (page 430):

> "*Hurn* and [United Mine Workers of America v.] *Gibbs* [383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)], as well as their forebears and their progeny all require a substantial federal question claim as the basis for the federal court's jurisdiction over a case before the federal court may exercise pendent jurisdiction over nonfederal claims of the same plaintiff against the same defendant."

In my opinion, the amended complaint in case 71–C–417 cannot be saved by invoking the doctrine of pendent jurisdiction. The amended complaint alleges that the manufacturer was negligent in its design and manufacture of the airplane—a claim cognizable by a state court; no federal question is presented by the plaintiff.

In addition, the plaintiff is attempting to use pendent jurisdiction to link an entirely separate action to five others on the basis that the latter cases stem from the same occurrence as does her own; in effect, she seeks to extend the scope of pendent jurisdiction beyond that to which even the most liberal interpretation of the doctrine heretofore has allowed. Cf. Weiss v. Sunasco Inc., 316 F.Supp. 1197, 1202 (E.D.Pa.1970). Finally, the plaintiff's claims in case 71–C–417 are for "separate and distinct elements of damages and there is no danger of duplication" if all the actions are not tried together. Olivieri v. Adams, supra, 280 F.Supp. at 431. The plaintiff's motion to amend her complaint in case 71–C–417 will be denied, and her original complaint will be dismissed, without prejudice.

■ It already has been noted that, in its letter to plaintiffs' counsel with reference to the allegations of jurisdiction, this court stated that it required formal permission to amend the complaints and that "terms will be assessed." The determination to assess terms resulted from the fact that in at least five cases previous to the six cases now before the court, the law firm which represents the present plaintiffs had commenced actions in this court without properly asserting a basis for the court's jurisdiction. In spite of the willingness of the attorneys for the defendants in the cases at bar that terms not be imposed, I am of the opinion that a modest sanction is required.

Thus, as a condition to the filing of the amended complaints in the above-entitled actions, with the exception of case 71–C–417, the plaintiffs in these actions are to pay costs of one hundred dollars, such amount to be paid to the clerk of this court and retained by such clerk. If such costs are paid to the clerk within 20 days after the date of this order, the plaintiffs' motions to amend their complaints will be granted; unless such costs are paid by the date specified, however, the motions to amend will be denied and the actions will be dismissed.

Therefore, it is ordered that the plaintiff's motion to amend her complaint in case 71–C–417 be and hereby is denied and it is also ordered that her complaint, and her action, be and hereby are dismissed, without prejudice.

It is further ordered that, with respect to the plaintiffs' motions to amend in the remaining cases, such motions be and hereby are granted provided costs of $100.00 are paid by the plaintiffs to the clerk of this court within 20 days, but if such costs are not so paid, it is ordered that such motions be and hereby are denied.