**A. E. BORDEN CO., Inc., Plaintiff,**

v.

**Warren N. P. WURM, Marjorie F. Wurm, Warren's Realty, Inc., Warren's Lobster House, Inc., Frank Palumbo and Community Trust Company, Defendants,**

**Warren's Realty, Inc., Warren's Lobster House, Inc., Pine Tree Diner, Inc., and Community Trust Company, Trustees.**

**No. 6–20.**

United States District Court
D. Maine, S. D.

July 2, 1959.

Stanley M. Burns, Dover, N. H., Albert Knudson, Portland, Me., for plaintiff.

Francis F. Neal, Kittery, Me., Richard E. Dill, Portsmouth, N. H., Edward J. Davis, Boston, Mass., Marjorie F. Wurm, pro se, Kittery, Me., Frank Palumbo, pro se, Boston, Mass., Harold D. Moran, Dover, N. H., for defendants.

GIGNOUX, District Judge.

By complaint filed February 25, 1959, plaintiff, a Massachusetts corporation, instituted these proceedings against Warren N. P. Wurm, Marjorie F. Wurm, Warren's Realty, Inc., Warren's Lobster House, Inc., Frank Palumbo and Community Trust Company, as principal defendants, and Warren's Realty, Inc., Warren's Lobster House, Inc., Pine Tree Diner, Inc. and Community Trust Company, as Trustees. The complaint seeks judgment against the defendant Warren N. P. Wurm for the balance due on two conditional sales contracts executed by him in 1957 in connection with the purchase of motel and restaurant equipment from plaintiff. In accordance with the provisions of Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.,[1] the complaint also asks to have set aside as fraudulent certain conveyances alleged to have been made by the defendant Warren N. P. Wurm to the other principal defendants. All of the defendants, other than the defendant Palumbo, are alleged in the complaint to be either Maine corporations or residents and citizens of Maine. The defendant Palumbo is alleged to be a resident and citizen of Massachusetts. Substituted service was completed on the defendant Palumbo in Massachusetts under the provisions of 28 U.S.C.A. § 1655.[2] The remaining de-

---

1. Rule 18(b). *"Joinder of Remedies; Fraudulent Conveyances.* Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a convey-

ance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

2. "§ 1655. *Lien enforcement; absent defendants*
    "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the

fendants were personally served in Maine.

On June 3, 1959, a hearing was held by this Court on various motions filed by plaintiff and defendants, including a motion of the defendants Warren N. P. Wurm, Marjorie F. Wurm and Warren's Realty, Inc., to dismiss the complaint for lack of jurisdiction in this Court over the subject matter, on the ground, *inter alia*, "that there is no diversity of citizenship between the plaintiff and all of the defendants; that the plaintiff is a Massachusetts Corporation and the defendant Frank Palumbo is a resident and citizen of Massachusetts. That there is no other ground for jurisdiction of this Court on the Complaint."

■■ It is clear from the pleadings that there is no federal question involved in this case which would confer jurisdiction upon this Court under 28 U.S.C.A. § 1331. In fact, the sole basis asserted for jurisdiction in this Court is diversity jurisdiction under 28 U.S.C.A. § 1332. Since Strawbridge v. Curtiss, 1806, 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435, it has been settled that if there are several parties on one or both sides of a controversy, there is no diversity jurisdiction if one of the parties on either side is a citizen of a state of which a party on the other side is also a citizen. Smith v. Sperling, 1957, 354 U.S. 91, 77 S.Ct. 1112, 1 L.Ed.2d 1205; American Fire & Casualty Co. v. Finn, 1951, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702; City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47;

Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 85; see 1 Barron and Holtzoff, Federal Practice and Procedure § 26 (Rules Ed. 1950). Because it is apparent upon the face of the instant complaint that the defendant Palumbo is a Massachusetts citizen and the plaintiff is a Massachusetts corporation, the requisite diversity of citizenship does not exist.

■ Plaintiff appears to have proceeded upon the assumption that 28 U.S. C.A. § 1655 confers jurisdiction of the present action despite the absence of the diversity required for jurisdiction under Section 1332. However, Section 1655 does not extend or enlarge the original jurisdiction of the district courts of the United States. Section 1655 has been consistently construed as simply permitting substituted service in certain cases where the Court has jurisdiction; the jurisdictional facts requisite to support federal jurisdiction of the action involved, such as diversity of citizenship and jurisdictional amount, must be independently present. Omaha Nat. Bank of Omaha, Nebraska v. Federal Reserve Bank of Kansas City, Missouri, 8 Cir., 1928, 26 F.2d 884, certiorari denied sub nom. Wyoming Nat. Bank of Casper, Wyoming v. Omaha Nat. Bank of Omaha, 1928, 278 U.S. 615, 49 S.Ct. 19, 73 L.Ed. 539; De Hanas v. Cortez-King Brand Mines Co., 8 Cir., 1928, 26 F.2d 233, certiorari denied, 1928, 278 U.S. 635, 49 S.Ct. 32, 73 L.Ed. 552; American Surety Company of New York v. Edwards & Bradford Lumber Co., D.C.N.D.Iowa 1944, 57

---

State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the court may proceed as if the absent defendant had been served with process

within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just."

F.Supp. 18, 24; Tug River Coal & Salt Co. v. Brigel, 6 Cir., 1895, 67 F. 625, 629; see 2 Moore's Federal Practice, Para. 4.34 (2d ed. 1948). As noted in Greeley v. Lowe, 1894, 155 U.S. 58, at page 72, 15 S.Ct. 24, at page 27, 39 L.Ed. 69:

> "It is entirely true that section 8 of the act of 1875,[3] authorizing publication, does not enlarge the jurisdiction of the circuit court. It does not purport to do so. Jurisdiction was conferred, by the first section of the act of 1888 of 'all suits of a civil nature,' exceeding $2,000 in amount, 'in which there shall be a controversy between citizens of different states;' and this implies that no defendant shall be a citizen of the same state with the plaintiff, but otherwise there is no limitation upon such jurisdiction. Section 8 of the act of 1875, saved by section 5 of the act of 1888, does, however, confer a privilege upon the plaintiff of joining in local actions defendants who are nonresidents of the district in which the action is brought, and calling them in by publication; thus creating an exception to the clause of section 1 that no civil suit shall be brought in any other district than that of which defendant is an inhabitant. * * * "

■ The cases of Graff v. Nieberg, 7 Cir., 1956, 233 F.2d 860 and Huntress v. Estate of Huntress, 7 Cir., 1956, 235 F. 2d 205, 61 A.L.R.2d 682, relied upon by plaintiff are distinguishable. Diversity was clearly present in Nieberg. The question of *subject matter* jurisdiction was not considered by the court in Huntress. Nor does Rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., also cited by plaintiff, in any way enlarge Federal court jurisdiction. Rule 82, Federal Rules of Civil Procedure, 28 U.S. C.A.; see American Surety Company of New York v. Edwards & Bradford Lumber Co., supra, 57 F.Supp. at page 26.

■ Since this Court is without jurisdiction of this action in its present form, it follows that it must be dismissed as to all the defendants. It is, therefore, unnecessary for the Court to consider the remaining motions which have been filed.

The motion of the defendants Warren N. P. Wurm, Marjorie F. Wurm and Warren's Realty, Inc., to dismiss the complaint for want of jurisdiction in this Court is hereby granted, and the action is hereby dismissed as to all defendants, with costs and without prejudice.

---

3. The pertinent portions of the present Section 1655 were contained in Section 8 of the act of March 3, 1875, 18 Stat. 472. It was subsequently reenacted as Section 57 of the Judicial Code of 1911, 36 Stat. 1102, 28 U.S.C.A. (1940 ed.) § 118, and as Section 1655 of the Judicial Code of 1948, 62 Stat. 944.