**Linwood PARKER, Administrator of the Estate of James L. Parker, Deceased, Appellant,**

v.

**W. W. MOORE & SONS, INC., Appellee,**

**and**

**Inclinator Company of America, Defendant.**

No. 75–1232.

United States Court of Appeals, Fourth Circuit.

Argued Aug. 20, 1975.

Decided Sept. 30, 1975.

Sidney H. Kelsey, Norfolk, Va. (Kelsey & Kelsey, Norfolk, Va., on brief), for appellant.

Berryman Green, IV, Norfolk, Va. (Breeden, Howard & MacMillan, Norfolk, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge.

The question is the existence of ancillary jurisdiction in a diversity action when a party of the same citizenship as the plaintiff is brought into the case by a third-party complaint and the plaintiff thereafter seeks to claim directly against the non-diverse third-party defendant. The district court dismissed the plaintiff's complaint against the third-party, and we affirm.

The plaintiff filed this action against Inclinator Company of America, a Pennsylvania corporation engaged in the manufacture of elevators, for the alleged wrongful death of the plaintiff's decedent in Virginia. It was alleged that one of Inclinator's elevators, installed by W. W. Moore and Sons, a Virginia corporation, had not been properly grounded, resulting in the electrocution of the plaintiff's decedent.

The complaint charges breach of warranty and negligence on the part of Inclinator and W. W. Moore and Sons in the installation of the elevator, charges a master and servant relationship between Inclinator and W. W. Moore, and asserts Inclinator's liability under the principles of *respondeat superior.*

Inclinator filed an answer in which it alleged that W. W. Moore and Sons was an independent contractor and not its agent or servant. The plaintiff then amended his complaint to assert a cause of action directly against W. W. Moore and Sons on theories of negligence and breach of warranty. Thereafter, Inclinator filed a cross-claim against W. W. Moore and Sons. After dismissal of the complaint against W. W. Moore and Sons for lack of diversity of citizenship between the plaintiff and Moore, Inclinator

filed a third-party complaint against Moore.

While the plaintiff's amended complaint asserting a direct cause of action against Moore preceded the cross-claim and had been dismissed for want of diversity of citizenship before the filing of the third-party complaint, that jumble of the sequence of events does not avoid the question whether when a party of the same citizenship as the plaintiff has been brought in as a third-party defendant the court is given ancillary jurisdiction of the direct claim by the plaintiff against the third-party defendant. The third-party complaint has now been filed, and the amended complaint may be refiled. In light of the fact that the third-party complaint is now on file, resolution of this controversy would not be advanced by affirming the dismissal of the complaint upon the ground that it preceded the filing of the third-party complaint.

In *Kenrose Mfg. Co. v. Fred Whitaker Co.,* 4th Cir., 512 F.2d 890, we broadly held that there must be an independent basis of jurisdiction of a claim by a plaintiff against a third-party defendant.[1]

■ After *Kenrose* was decided but before it was published, there was a case in the Eastern District of Virginia[2] in which it was decided that, under the doctrine of pendent jurisdiction, contract claims could be asserted in the diversity jurisdiction even though there was no diversity of citizenship between the plaintiff and one of the two co-defendants when the principal alleged obligor was the diverse defendant. We think that a misuse of the pendent jurisdiction doctrine, which was designed to extend federal jurisdiction to encompass pendent state claims against defendants already in the case to defend the primary federal claims. It was not designed to bring into the diversity jurisdiction claims between parties who are citizens of the same state.

■ Were we inclined under any other context to reconsider the absolute rule of *Kenrose,* we would not find it appropriate to do so here. While the complaint and the amended complaint contain conclusional allegations that both Inclinator and Moore were negligent in the design, construction and installation of the elevator and had violated alleged implied warranties, the third-party complaint alleges that Moore is an independent dealer which alone was responsible for the sale and installation of the elevator. From what we can gather from the pleadings, it appears quite likely that when the litigation comes to a conclusion it will clearly appear that the plaintiff's primary claim is against Moore and not against Inclinator. Of this we can not now be certain, but the jurisdictional question must be settled at the beginning and may not await the outcome of a trial. From all that we can now foresee, however, the whole of the plaintiff's claim may well prove to be entirely a state court claim. Under those circumstances, the state claim against Moore should not be swept into the diversity jurisdiction on the basis of a facial statement of a related claim against Inclinator, which alone would be triable in the federal court because of diversity of citizenship.

We thus adhere to our ruling in *Kenrose,* at least in the circumstances of a case such as this, and conclude that there is no ancillary federal jurisdiction of the plaintiff's claim against Moore. The dismissal of his complaint as against Moore is therefore affirmed.

*Affirmed.*

---

1. The reasoning underlying our decision in *Kenrose* has been criticized in 3 Moore's, *Federal Practice* ¶ 14.27(1), at 570–573; Wright & Miller, Federal Practice and Procedure, § 1444, at 230–233.

2. *Wittersheim v. General Transportation Services, Inc. et al.,* E.D. Virginia, 378 F.Supp. 762.