**SUPER VALUE STORES, INC.,**
**Plaintiff,**

v.

**PARKER'S FOOD TOWN, INC., d/b/a**
**Parker's Thrift Town; Roger Parker,**
**Sr.; and Marjorie N. Parker, Defendants and Third-Party Plaintiffs,**

v.

**SUPER–TWO, INC., and Ernest L. Whitfield, Jr., Third-Party Defendants.**

Civ. A. No. C80–2251A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Oct. 29, 1981.

---

**29.** *Morpurgo v. Board of Higher Educ.,* 423 F.Supp. 704, 713–14 (S.D.N.Y.1976).

Timothy R. Askew, Jr., Simon Miller, Atlanta, Ga., for plaintiff.

John S. Graettinger, Jr., William F. Clark, Atlanta, Ga., for 3rd party defendants.

Claude E. Hambrick, Atlanta, Ga., for defendants.

## ORDER

SHOOB, District Judge.

This case is before the Court on third party plaintiffs' motions (1) to add additional third party defendants, (2) for leave to amend the third party complaint, and (3) for summary judgment on third party defendants' counterclaim. These motions will be discussed seriatim.

I. *Third Party Plaintiffs' Motions to Add Additional Third Party Defendants and for Leave to Amend the Third Party Complaint*

Third party plaintiffs allege that after filing their complaint, they discovered that third party defendant Ernest Whitfield had transferred most of his property to the proposed additional third party defendants. In their view, Whitfield conveyed his assets to the proposed additional third party defendants, Joann H. Whitfield, Ralph C. Clark, Robert E. Setman and Ellen S. Hewatt, with the intent to defraud his creditors, including third party plaintiffs, and at a time when he was insolvent. Third party plaintiffs also argue that these transfers were not for valuable consideration and that the transferees knew Mr. Whitfield's intentions at the time of the transfers.

**732**

■ Rule 18(b) of the Fed.R.Civ.P. allows the joiner of a claim to set aside a fraudulent transfer to the proposed additional third party defendants with third party plaintiffs' main claim against the transferor, third party defendant Ernest Whitfield. 3A *Moore's Federal Practice* ¶ 18.10[2]. Rule 18(b), as stated by Professor Moore, "aids the creditor in the presentation of both his claims, and thus facilitates a complete adjudication without prejudice to any of the parties." *Id.*

Third party defendants oppose third party plaintiffs' motion on the ground that, even though Rule 18(b) may apply in this case, the Court lacks subject matter jurisdiction over the proposed additional third party defendants because there is no diversity between them and third party plaintiffs.

■ The Court finds that once it acquired jurisdiction over third party plaintiffs' claims against third party defendants, it also obtained jurisdiction over third party plaintiffs' claims against the proposed additional third party defendants, under the doctrine of ancillary jurisdiction. *Empire Lighting Fixture Company v. Practical Lighting Fixture Company,* 20 F.2d 295 (2d Cir. 1927). In *Armour and Company of Delaware v. B. F. Bailey, Inc.,* 132 F.2d 386 (5th Cir. 1942), the Fifth Circuit in dicta explained the purpose of Rule 18(b) as follows:

> Prior to the adoption of the rules of civil procedure, a creditor could not maintain an action to set aside a fraudulent conveyance in the federal court until he had reduced his claim to judgment. This was abrogated by rule 18(b) ... [which] [b]y its express terms ... contemplates a joiner of the action to set aside the conveyance with the action to establish the claim, *the former being ancillary to and dependent upon the latter,* and the debtor an indispensable party.

(Citations omitted.) (Emphasis added.) *Id.* at 387. Professors Wright and Miller consider "[t]his use of the ancillary jurisdiction concept [to] be in line with its application in the fields of compulsory counterclaims and cross claims under Rule 13 and third-party claims under Rule 14." Wright & Miller, *Federal Practice and Procedure*: Civil § 1592. The application of ancillary jurisdiction is necessary here to achieve a complete and final determination of all claims arising out of this transaction. Third party plaintiffs' motion to add additional third party defendants is GRANTED and their motion for leave to amend the third party complaint is GRANTED.

II. *Third Party Plaintiffs' Motion for Summary Judgment*

A. *Facts*

On December 9, 1979, third party plaintiff Parker's Food Town, Inc. sold certain assets, inventory, equipment and fixtures, located in a building at 1562 Gordon Street, Atlanta, Georgia, where it had operated a grocery store, to third party defendant Super-Two, Inc. Affidavit of Roger W. Parker, Sr., at ¶¶ 3, 4. As part of the sale, Parker's Food town, Inc. assigned its leasehold interest in the said building to Super-Two, Inc. *Id.* at ¶ 3. Parker's Food Town, Inc. did not sell its trade name, grocery business, good will, accounts, or any other intangible property to third party defendants. *Id.* at ¶¶ 5, 6.

The parties to the contract of sale, Parker's Food Town, Inc. and Super-Two, Inc., were at arm's length and there was no fiduciary or any other special relationship between them. *Id.* at ¶ 8. Third party defendants operated other comparable grocery businesses in the area before and after the sale. *Id.* at ¶ 9. Third party defendant Ernest Whitfield visited third party plaintiffs' grocery store several times prior to the sale of the assets and he spoke with Parker's Food Town, Inc.'s employees. *Id.* at ¶ 11.

Mark Parker, an employee of Parker's Food Town, Inc. prior to the sale in question, states that he spoke with Ernest Whitfield sometime before the sale about Parker's Food Town's labor difficulties. Affidavit of Mark Parker at ¶ 3. Mark Parker specifically stated that he told Mr. Whitfield, on that occasion, "that Parker's Food

Town, Inc. had fired the shop steward and that there had been a wild cat strike for a few days." *Id.* According to Mark Parker, Mr. Whitfield responded "that he 'could handle that' and that he was not worried about problems under the union contract." *Id.* at ¶ 4.

## B. *Discussion*

Third party plaintiffs seek summary judgment on third party defendants' counterclaim, which alleges the following:

The suppression of the fact that at least 13 employees of the store were employed under a union contract, which Third Party Plaintiffs were under a duty to communicate to defendants, was fraud upon [third party] defendants, and [third party] defendants are not indebted to or obligated to them because of the said fraud. This suppression of facts was done with the intention and purpose of deceiving [third party] defendants, and [they] were deceived and suffered damages as result of said fraud.

Third party plaintiffs argue they did not conceal the fact that some of Parker's Food Town, Inc.'s employees were employed under a union contract. Furthermore, they argue that even if they had withheld that information, under Georgia law third party defendants have failed to state a claim upon which relief can be granted.

■ Rule 56(e) of the Fed.R.Civ.P. provides, inter alia, that

[w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

This rule requires the party opposing summary judgment to be diligent. *Southern Rambler Sales, Inc. v. American Motors Corp.*, 375 F.2d 932, 937 (5th Cir. 1967). "[M]ere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment." *Lovable Company v. Honeywell, Inc.*, 431 F.2d 668, 671 (5th Cir. 1970).

■ Here, third party defendants have failed to file a responsive brief or any affidavits in opposition to third party plaintiffs' motion. Instead, they filed a Statement of Material Facts to be Tried where they assert that there are disputed issues of fact as to (1) whether third party defendants purchased a "going grocery business in operation" and (2) whether third party plaintiffs fraudulently concealed from third party defendants the fact that some of Parker's Food Town, Inc.'s employees were employed under a union contract. These assertions are conclusory and as previously noted there are no affidavits supporting these contentions.

The Court finds that there are no "genuine issues" for trial.

■ Given the undisputed facts set out in movants' affidavits in support of their motion, and viewing the evidence in a light most favorable to the non-moving party, the Court finds that third party defendants have failed to state a claim upon which relief may be granted. *City Dodge, Inc. v. Gardner*, 232 Ga. 766, 769 n.1, 208 S.E.2d 794 (1974); *C.P.D. Chemical Co., Inc. v. Nat'l Car Rental Systems, Inc.*, 148 Ga.App. 756, 252 S.E.2d 665 (1979); *Hertz Corporation v. Cox*, 430 F.2d 1365, 1374 (5th Cir. 1970).

■ Even assuming that third party plaintiffs "suppressed" the fact that some of their employees were employed under a union contract, fraud cannot be asserted as a cause of action where the party asserting it had an opportunity to prevent the fraud, and made it possible through a failure to exercise proper diligence. *Hubert v. Beale Roofing, Inc.*, 158 Ga.App. 145, 146–47, 279 S.E.2d 336 (1981); *Millender v. Looper*, 82 Ga.App. 563, 569, 61 S.E.2d 573 (1950); *Martin v. North Georgia Lumber Co., Inc.*, 72 Ga.App. 778, 781–82, 35 S.E.2d 270 (1945). Mark Parker's uncontroverted affidavit clearly establishes third party defend-

ants' opportunity to learn about the said union contract. Therefore, the Court hereby GRANTS third party plaintiffs' motion for summary judgment.

In summary, the Court GRANTS: (1) third party plaintiffs' motion to add additional third party defendants; (2) third party plaintiffs' motion for leave to amend their complaint; and (3) third party plaintiffs' motion for summary judgment on third party defendants' counterclaim.