**ATLANTIC PURCHASERS, INC. and Stella Maris Inn, Ltd., Plaintiffs,**

v.

**AIRCRAFT SALES, INC. and Donald J. Anklin, Defendants.**

**No. C–C–79–204–M.**

United States District Court,
W.D. North Carolina,
Charlotte Division.

June 12, 1984.

See also, 4th Cir., 705 F.2d 712.

Hugh G. Casey, Jr., Charlotte, N.C., Paul D. Copenbarger, Karman, Irvine, Cal., Joseph L. Barrier (Receiver), Charlotte, N.C., for plaintiffs.

David R. Badger, Charlotte, N.C., for defendants.

## ORDER

McMILLAN, District Judge.

This case was tried before a jury on September 9 through September 14, 1981; the jury returned a verdict in favor of plaintiffs. On January 26, 1982, the court entered judgment on the jury's verdict in

the amount of $46,000.00 plus costs of the action.

On March 10, 1982, an execution issued by the Clerk of the Mecklenburg County, North Carolina, District Court was returned by the Sheriff, who had found no property of the defendants on which to levy. Since that time, plaintiffs have been continuously frustrated in their efforts to collect on the judgment. On December 20, 1983, this court appointed a receiver of the defendants' property. On April 9, 1984, the court entered a temporary restraining order, enjoining defendant Donald J. Anklin and his wife, Jane M. Anklin, Donald S. Anklin and his wife, Karen, World War II Rebuilders, Inc., World War II Holding Company, Carolina First National Bank, and William S. Neel, Trustee, from disposing of or removing or encumbering certain property alleged to be available to satisfy the judgment. On the date of entry of the restraining order, only defendant Donald J. Anklin was a party to the suit before the court. [Aircraft Sales, Inc., the other defendant in the suit, is apparently now defunct.] All the parties named in the order, with the possible exception of World War II Holding Company, allegedly a New York corporation, are domiciled in the State of North Carolina.

The case was heard on April 24, 1984, for the purpose of determining whether defendant Donald J. Anklin had made fraudulent transfers of his property to the parties named in the restraining order in order to avoid paying the judgment.

At the hearing the question developed whether the court had jurisdiction to consider the allegations of fraudulent conveyance. Further, the evidence offered at the hearing was insufficient to enable the court to determine whether defendant Donald J. Anklin retains sufficient funds at present from which the judgment can be satisfied, or whether, at the time of the alleged transfers, Donald J. Anklin retained sufficient funds to satisfy his then-existing obligations. Accordingly, the hearing was adjourned and the parties and the receiver were directed (1) to advise the court concerning its authority to determine title to the property in question; and (2) to inform the court whether any audit had been conducted with respect to the assets of the defendants.

Since the date of the hearing, the court has received several memoranda from the receiver and the parties which (1) do not definitively answer the question of the court's jurisdiction to determine whether the conveyances were fraudulent; and (2) reveal that no independent audit of defendant's financial status has been conducted. In addition to the papers filed in response to the court's request, the file also contains several motions addressed to discovery and execution of the judgment.

The court has reviewed all of these outstanding matters, and concludes the following:

1. *Jurisdiction.*

■ The court is satisfied that it has both personal and subject matter jurisdiction to determine title to property located within this state or fraudulently conveyed by defendants and others who have had minimum contacts with this state to entities located outside this jurisdiction.

■ Federal Rule of Civil Procedure 69(a) provides for the application of state law "in proceedings on and in aid of a judgment, and in proceedings on and in aid of execution." Thus the rules provide that "[i]n the absence of controlling federal statutes, the district court has the *same authority* to aid judgment creditors as that provided to state courts under local law. *Duchek v. Jacobi,* 646 F.2d 415, 417 (9th Cir.1981), *quoting United States ex rel. Goldman v. Meredith,* 596 F.2d 1353, 1357 (8th Cir.1979), *cert. denied,* 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1980). Moreover, Rule 69(a) is a procedural, and not a substantive, rule, and it must be read in light of the provision of Fed.R.Civ.P. 82 that the Federal Rules of Civil Procedure "shall not be construed to extend or *limit* the jurisdiction of the United States district courts" (emphasis supplied). To the extent

permitted by due process, federal courts have the inherent authority to enforce their own judgments; this precept provides the basis for the application of state law to the facts before the court.

The restraining order entered by the court on April 9, 1984, was authorized by N.C.Gen.Stat. § 1–366, which provides that the court may forbid the transfer of property in the hands of third persons that is alleged to belong to a judgment debtor "till a sufficient opportunity is given to the receiver to commence and prosecute [an] action to judgment and execution." The court has been informed that, since the date of entry of the restraining order, the receiver has commenced two actions in the courts of North Carolina against several of the parties named in this court's April 9, 1984, order. Therefore, it would seem appropriate for this court to dissolve its restraining order.

■ Nevertheless, despite the commencement of proceedings in the North Carolina courts, plaintiffs are attempting diligently to proceed toward execution of the judgment in this court. This is entirely appropriate, since a pending state court action to enforce a federal court judgment does *not* preclude supplemental proceedings in aid of execution of the judgment in federal court. *Meridian Investing and Development Corp. v. Suncoast Highland Corp.*, 628 F.2d 370, 372 (5th Cir., Unit B, 1980); 12 Wright & Miller, *Federal Practice and Procedure* § 3013 (1973). It appears to the court that several such supplemental proceedings are possible.

■ First, the court is authorized, pursuant to N.C.Gen.Stat. § 1–352 *et seq.* to order discovery of defendants' assets, and to order sale by execution of defendants' property to the extent necessary to satisfy the judgment. Second, both plaintiffs and the receiver are entitled under North Carolina law to institute actions based on fraudulent conveyance of defendants' property. N.C.Gen.Stat. § 39–15. Federal Rule of Civil Procedure 18(b) expressly contemplates the joinder of claims based on fraudulent conveyance to lawsuits instituted in

federal courts. The court is satisfied that it may exercise ancillary subject matter jurisdiction over such claims, without regard to diversity of citizenship or amount in controversy. *Super Value Stores, Inc. v. Parker's Food Town, Inc.*, 525 F.Supp. 730 (N.C.Ga.1981); *Tcherepnin v. Franz*, 439 F.Supp. 1340 (N.D.Ill.1977); *Empire Lighting Fixture Company v. Practical Lighting Fixture Company*, 20 F.2d 295 (2d Cir.1927); 6 Wright & Miller, *Federal Practice and Procedure* § 1592 (1971). Plaintiffs are entitled, some three years after the trial of this case, to receive one just and final resolution of all matters arising from this single controversy.

The court is prepared to consider a motion on behalf of plaintiffs for permission to add additional claims and parties to this action; if plaintiffs choose not to file such a motion, the court is further prepared to consider a duly filed motion for permissive intervention, pursuant to Fed.R.Civ.P. 20(a), on behalf of the receiver in order to prosecute these claims.

■ It appears from the record, and from affidavits in the file, that the court may also have the authority to exercise personal jurisdiction over all the parties named in the April 9, 1984 restraining order. All of the parties named in that order, except World War II Holding Company, appear to be domiciled or to have a principal place of business in North Carolina. World War II Holding Company is alleged to be a New York corporation; however, if that corporation is controlled solely by parties who reside in North Carolina, and if it can be shown that substantial assets belonging to the corporation were transferred to it from North Carolina, or indeed, are located in North Carolina, then this court is both authorized under North Carolina's long arm statute, N.C.Gen.Stat. § 1–75.4, and permitted, under general constitutional principles of due process, to bring the corporation within its jurisdiction. To the extent that plaintiffs or the receiver seek by an action based on fraudulent conveyance to attach property located solely within the state, the court may exercise *in rem* or

*quasi in rem* jurisdiction pursuant to N.C. Gen.Stat. § 1–75.8.

### 2. *Discovery*

Federal Rule of Civil Procedure 69(a) provides that "[i]n aid of the judgment or execution, the judgment creditor or his successor in interest ... may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held." Federal Rule of Civil Procedure 34, and N.C.Gen.Stat. § 1–352.2 permit discovery by production of documents in these circumstances.

■ The receiver, a successor in interest to the plaintiffs in this action, has served defendants with two notices to produce documents. According to the record in the file, the receiver's first request to produce documents was served on January 12, 1984. Defendants have not objected to the substance of the items listed in the receiver's notices; instead, defendants have objected to the production of documents in the offices of their counsel unless they are contemporaneously paid $.25 per photocopied sheet on the date of production. The reasons given by defendants for this requirement are (1) that the plaintiffs might not honor a statement for copies and might attempt to claim the costs of copying as a set-off against the [$46,000.00] judgment; and (2) that the receiver is personally liable to defendants' counsel for payment of money as the result of a matter that has absolutely nothing to do with this case. The receiver, who has not been provided with funds, has moved the court for an order compelling defendants to comply with his notices to produce.

Defendants' objections to production are totally without merit. Defendants were previously ordered, *on January 26, 1982*, to pay the costs of this action. Title 28 U.S.C. § 1920(4) provides that the court may tax as costs the fees for copies of papers "necessarily obtained for use in the case." The papers requested by the receiver are essential for a just determination of the assets available to satisfy the judgment.

Defendants need worry no longer that plaintiffs may claim the costs of copying as a set-off against the judgment; defendants shall subsidize the costs of copying and these costs shall in no manner figure in the judgment. Further, counsel for defendant is reminded of the requirement of Fed.R. Civ.P. 11 that the signature of an attorney constitutes a certificate by him that papers he has filed are "not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." The receiver will be awarded costs and attorney's fees incurred in obtaining this order.

### 3. *Conclusion*

The court intends to take all legitimate steps necessary to insure that this matter is settled as quickly and painlessly as possible. To that end, I intend to permit full discovery and pursuit of all defendants' assets necessary to satisfy the judgment.

IT IS THEREFORE ORDERED:

1. That plaintiffs shall be allowed until July 1, 1984, to move the court to amend their pleadings to state additional claims against the defendants and third parties over whom this court can exercise personal jurisdiction.

2. That the receiver shall be allowed until July 1, 1984, to move the court for permission to intervene as a plaintiff in this action.

3. That the receiver shall inform the court of the nature and status of all actions filed by him in his official capacity as receiver in this case in the courts of North Carolina.

4. That the restraining order entered in this case on April 9, 1984, shall remain in effect until July 1, 1984, unless modified earlier, and after that date may be modified to reflect the posture of the action before the court at that time.

5. That defendants shall comply immediately with the receiver's first and second

notices to produce documents. The costs of production shall be borne by defendants.

6. That the receiver shall receive from defendants the costs and attorney's fees incurred in obtaining the order set out in paragraph 5 above. The amount of such costs shall be determined by the court at a later date if the parties are unable to agree on an appropriate amount.

7. That discovery may proceed against all persons who the receiver has substantial reason to believe have transferred, or have received transfers of, assets of the defendants that are available and necessary to satisfy the judgment.

8. That the Clerk of Court is requested to set this case for a full hearing.

9. That if, before the date set for such hearing, the receiver comes into possession of property which is clearly identifiable as property to which defendants have legal title, the receiver shall so inform the court, and the property will be subject to sale under execution to the extent necessary to satisfy the judgment.